**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF NORTH CAROLINA**
**BRYSON CITY DIVISION**

**CIVIL NO.  2:09CV16**
**(2:06CR10)**

| | | |
|---|---|---|
| **BRUCE LEE RICHARDSON,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on Petitioner's motion to vacate,

set aside, or correct sentence pursuant to 28 U.S.C. § 2255 filed January

26, 2009.

For the reasons stated below, Petitioner's motion is denied and

action is dismissed.

## I.  STANDARD OF REVIEW

A prisoner in federal custody may attack his conviction and sentence

on the grounds that it is in violation of the Constitution or United States law,

was imposed without jurisdiction, exceeds the maximum penalty, or is

otherwise subject to collateral attack.  **28 U.S. C. § 2255**.  However,

> [i]f it plainly appears from the face of the motion and any
> annexed exhibits and the prior proceedings in the case that the
> movant is not entitled to relief in the district court, the judge
> shall make an order for its summary dismissal and cause the
> movant to be notified.

**Rule 4, Rules Governing Section 2255 Proceedings for the United**

**States District Courts.**  The Court, having reviewed the record of criminal

proceedings, enters summary dismissal for the reasons stated herein.


## II. FACTUAL AND PROCEDURAL HISTORY

On April 4, 2006, Petitioner and two co-Defendants were charged

with various bank robberies and firearms violations in a 19-count

indictment.  **Bill of Indictment, filed April 4, 2006**.  Pursuant to a plea

agreement, Petitioner pled guilty to two counts of bank robbery by force,

violence and intimidation, in violation of 18 U.S.C. § 2113(a), and two

counts of using and carrying a firearm during and in relation to a crime of

violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii).  **Plea Agreement, filed**

**June 1, 2006**.  Petitioner's plea agreement contains a number of

stipulations regarding sentencing, including one which stated, "[f]or Counts

Three and Ten, the parties stipulate and agree that on each occasion the firearm was brandished." *Id*. ¶ 7(d). Such provision (and two others) was crossed out and initialed by the Government, defense counsel, and Petitioner. *Id*.; *see also, id*. ¶¶ 7(b) & (c). The Government also confirmed the fact that these stipulations were no longer a part of the plea agreement at the Rule 11 hearing where Petitioner appeared with counsel and formally entered his guilty pleas. **Transcript of Plea and Rule 11 Hearing, filed May 16, 2007 at 21 (MR. ASCIK: "And then there were Sections (b), (c) and (d) [of Paragraph 7] agreed upon about sentencing, but they have been crossed off and signed by all relevant parties.")**.

A presentence report was prepared for Petitioner's sentencing hearing. In calculating Petitioner's offense level, the probation officer determined that, for both bank robbery counts (Counts One and Eight), Petitioner had a base offense level of 20. **Presentence Investigation Report, filed under seal October 1, 2007, ¶ 17.** Two additional points were assessed for each count due to the fact that property of a financial institution had been taken, and another two points were added due to the fact that bank personnel were restrained in order to facilitate the bank

robberies. *Id.* ¶¶ **18, 20.** One point for each count was also added to account for the monetary losses of the banks. *Id.* ¶¶ **21, 30.** Therefore, Petitioner's adjusted base offense level was 25 for each count. *Id.* ¶¶ **25, 34.** Applying the multiple count adjustment provided under § 3D1.4 of the Guidelines and a three point reduction for acceptance of responsibility, the Probation Officer determined Petitioner's total offense level to be 24. *Id.* ¶¶ **35-43.** Petitioner's offense level combined with a criminal history category of III resulted in an advisory Guidelines range on the bank robbery counts of 63 to 78 months' imprisonment.

With respect to the firearms charges in Counts Three and Ten, "the guideline sentence is the term of imprisonment required by statute, per count." *Id.* ¶ **44.** Therefore, as to Count Three, the Court was required by statute to impose a mandatory minimum sentence of 7 years to run consecutively to any other sentence imposed, and for Count Ten, the statute requires a mandatory minimum sentence of 25 years to run consecutive to any other sentence imposed. *Id.* ¶ **74;** *see also*, **18 U.S.C. §§ 924(c)(1)(A)(ii) & 924(c)(1)(C)(i).** Petitioner did not file objections to the presentence report.

Prior to the sentencing hearing, the Government filed a motion pursuant to § 5K1.1 of the Guidelines, recommending the Petitioner be granted a downward departure due to his substantial assistance in testifying against a co-Defendant.  **Government's Motion for Downward Departure, filed February 26, 2007**.  Specifically, the Government recommended a 10-level departure from an offense level of 24 to an offense level of 14, noting that this recommendation was in addition to a mandatory 32-year consecutive sentence for the two § 924(c) convictions. *Id*. **at 3.**  The adjusted offense level and criminal history score resulted in an advisory Guidelines range of 21 to 27 months' imprisonment for the bank robbery convictions.

On March 26, 2007, Petitioner appeared with counsel for sentencing. In accordance with the Government's motion, the undersigned sentenced Petitioner to 21 months' imprisonment on each of the bank robbery counts, to be served concurrently; 7 years on the first  § 924(c) violation (Count Three), and 25 years on the second § 924(c) violation (Count Ten), to be served consecutively, for a total of 405 months.  **Judgment in a Criminal Case, filed April 4, 2007**.

Petitioner timely filed a notice of appeal on March 30, 2007.

Petitioner argued on appeal that the imposition of his 25-year sentence for

his second conviction under § 924(c) (Count Ten) "was excessive or

disproportionate."[1]  **United States v. Richardson, 263 F. App'x 388, 390**

**(4ᵗʰ Cir. 2008).**  He also argued that "the parties did not stipulate that a

firearm was used, brandished, or discharged and that at sentencing no

evidence was presented that [he] ever brandished [a] firearm or made

threats of death or exerted force towards another person."  **Id. (quotation**

**omitted).**

The Fourth Circuit held, however, that "[a]ccording to the

presentence report, [Petitioner] brandished a firearm during each of the

bank robberies."  **Id. at 391.**  Since Petitioner stipulated at sentencing that

the information in the presentence report established a factual basis for the

charges to which he was pleading guilty, the Fourth Circuit concluded that

this Court did not err in imposing a seven year sentence for Petitioner's

first § 924(c) conviction.  **Id**.  The appellate court further concluded that a

---

[1] Appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  Petitioner was afforded an opportunity to file a *pro se* supplemental brief, but did not do so.  **Richardson, 263 F. App'x at 390 n.*.**

review of the record revealed "no meritorious issues for appeal . . . [and] affirm[ed] the judgment of [this Court]." ***Id.*** The Petitioner did not file a petition for a writ of *certiorari* with the Supreme Court. On January 26, 2009, Petitioner timely filed this motion pursuant to 28 U.S.C. § 2255.

## III. ANALYSIS

Petitioner contends that the Government breached the plea agreement by allowing the Court to sentence the Petitioner for brandishing a weapon during the bank robberies when in fact it agreed to "waive this charge in the plea negoiations (sic)." **Petitioner's Motion, at 5.** He further alleges he received ineffective assistance of counsel because she refused to file a motion to correct this alleged error and also refused to respond to his inquiries regarding this issue. ***Id*. at 6.** To support his claim, Petitioner has attached a copy of the second page of his plea agreement which shows that paragraphs 7(b), (c), and (d) ("the firearm was brandished') were in fact stricken by the parties. **Plea Agreement, *supra.***

Petitioner clearly believes the Government breached the plea agreement. However, the plea agreement is evidence only that the parties agreed not to include a stipulation in the plea agreement that Petitioner

brandished a firearm with respect to Counts Three and Ten.[2]  It does not

mean the Government agreed not to pursue the fact that Petitioner

brandished a weapon during the robberies.[3]  Moreover, this specific

provision in the plea agreement relates only to Counts Three and Ten.  *Id*.

First, there was no breach of the plea agreement.  The plea

agreement specifically sets forth the maximum sentence for Counts Three

and Ten is life imprisonment, any sentence must be served consecutively

to any other sentence imposed, and "[t]he statutorily required minimum

sentence is 7 years imprisonment (for "brandishing")."  *Id*. ¶ **4.**  According

to the presentence report, on September 12, 2005, and again on

December 19, 2005, Petitioner and a co-Defendant entered a bank,

displayed handguns, ordered customers and bank personnel to get on the

ground, "and physically forced two bank tellers down at gunpoint."  *Id*. ¶¶

**6, 7.**  Therefore, the seven year sentence on Count Three of the indictment

---

[2] Petitioner contends the Government breached the plea negotiations with respect to Counts <u>One</u> and Ten.  Because Petitioner did not receive an enhancement for brandishing a weapon in Count One, the Court will assume Petitioner's argument is with respect to Counts Three and Ten, not Counts One and Ten.

[3] The Court notes that the plea agreement also contains a provision that either party could seek a departure from the "applicable guideline range."  **Plea Agreement,** *supra*, **¶ 7(f).**

is supported by facts established through the offense conduct of the plea agreement. By striking the provision in the plea agreement that the parties agree that a firearm was brandished, Petitioner only established that he was not willing to agree or stipulate to the fact that he brandished a weapon. It does not mean he did not, in fact, brandish a firearm. Indeed, the presentence report establishes that he did so at both robberies, and his seven year sentence on Count Three reflects that fact.

Moreover, Petitioner raised substantially the same claim in his direct appeal. As previously noted, the Fourth Circuit concluded that the presentence report stated the Petitioner brandished a firearm at each of the bank robberies. *Id*. **at 391.** Since Petitioner stipulated the presentence report would be used to establish a factual basis to support his plea and he filed no objections to the report, this Court "did not err in imposing a seven year sentence for [Petitioner's] first § 926(c) conviction [*i.e.*, Count Three]." *Id.* It is well settled that in the absence of a favorable, intervening change in the law, a petitioner simply is not free to re-litigate claims which have been rejected on direct review. **Davis v. United States, 417 U.S. 333, 342 (1974); Boeckenhaupt v. United States, 537 F.2d 1182 (4ᵗʰ Cir. 1976).** Accordingly, since Petitioner has not directed the

Court's attention to any intervening change in the law which would authorize him to re-litigate this claim in this proceeding, the claim is procedurally barred.

Next, Petitioner contends that his counsel was ineffective because she did not file a motion to correct his sentence based on the alleged "breach of the plea negotiations."

With respect to claims of ineffective assistance of counsel, a petitioner must show that counsel's performance was constitutionally deficient to the extent that it fell below an objective standard of reasonableness, <u>and</u> that he was prejudiced thereby. ***Strickland v. Washington*, 466 U.S. 668, 687-91 (1984)**. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. ***Id.* at 689; *see also Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297-99 (4ᵗʰ Cir. 1992)**. In the plea context, a petitioner must show that his counsel's performance was deficient and "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" ***Fields*, 956 F.2d at 1297 (quoting *Hill v. Lockart*, 474 U.S. 52, 59 (1985) (internal citations and quotations omitted).**

Because there was no breach of the plea agreement, counsel was not ineffective for failing to raise a futile objection. Petitioner alleges his counsel should have moved to correct his seven year sentence on the grounds that the Government breached the plea agreement because the parties agreed to strike the stipulation in the agreement that Petitioner brandished a firearm with respect to Counts Three and Ten. It is clear from the record, however, that Petitioner misunderstood the provisions of the plea agreement. The presentence report clearly stated that Petitioner brandished a firearm during each of the bank robberies. **Presentence Report,** *supra,* **¶¶ 6. 7.** He did not file any objections to the report at the time of sentencing and he does not provide any evidence now to refute the allegations contained in the presentence report. Moreover, the Fourth Circuit has determined that the presentence report supported the finding that Petitioner brandished a firearm during each of the bank robberies.

Petitioner has not established either prong of the *Strickland* test and, therefore, his claim that he received ineffective assistance of counsel must fail.

## IV. ORDER

**IT IS, THEREFORE, ORDERED** that the Petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED,** and the action is dismissed by way of the Judgment filed herewith.

Signed: February 18, 2009

Lacy H. Thornburg
United States District Judge